**CLD-153**                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1011
_____

UNITED STATES OF AMERICA

v.

NIJUL QUADIR ALEXANDER,
                                   Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:12-cr-00009-001)
District Judge:  Honorable Christopher C. Conner
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2023

Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: June 27, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Federal Prisoner Nijul Quadir Alexander appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.[1]

In 2013, Alexander pleaded guilty to six counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 264 months of imprisonment, and is currently scheduled for release in June 2032.

In 2020, Alexander filed his first motion for compassionate release, which the District Court denied after determining that Alexander did not establish extraordinary and compelling reasons for release and the sentencing factors in 18 U.S.C. § 3553(a) counseled against such release. In August 2022, Alexander filed a renewed motion for compassionate release. He cited, inter alia, his worsening health, including a newly diagnosed medical condition (alpha-1 antitrypsin deficiency, a genetic condition that impacts the liver and pulmonary functions of the body), concerns regarding the risk of both COVID-19 and monkeypox, and his extraordinary rehabilitative efforts. Counsel was appointed to represent Alexander. After full briefing, the District Court denied the motion, concluding that even if an extraordinary and compelling reason for

---

[1] Although we have entertained the motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is due. See 3d Cir. L.A.R. 27.4(b).

compassionate release had been established due to Alexander's medical condition, such release was not warranted based on a weighing of the § 3553(a) factors. D.Ct. ECF No. 475. Alexander appealed, and the Government has moved for summary affirmance. Alexander opposes that motion.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including a determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant. See 18 U.S.C. § 3553(a). Compassionate release is

3

discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

In its motion for summary affirmance, the Government argues that the District Court's judgment should be affirmed because its finding that the § 3553(a) factors did not support Alexander's request for compassionate release was a permissible exercise of its discretion. We agree.

In analyzing the § 3553(a) factors, the District Court considered that "Alexander is a career offender with a significant criminal history," and that he pleaded guilty "to six counts of armed robbery and a firearm charge related to those robberies." D.Ct. ECF No. 475 at 1. It also considered the length of time left on his sentence, and concluded that "the Section 3553(a) factors on balance do not warrant a nearly 10-year reduction in Alexander's sentence." D.Ct. ECF No. 475 at 2.[2] We cannot say that the District Court

_____

[2] The District Court incorporated by reference and relied upon the reasoning set forth in its September 14, 2020 Order denying Alexander's first motion for compassionate release. D.Ct. ECF No. 432. In that Order, the District Court also recognized Alexander's rehabilitative efforts and addressed the § 3553(a) factors, noting that "the goals of sentencing – in particular, reflecting the seriousness of the offenses, providing just punishment, affording adequate deterrence, and protecting the public – require that the defendant's sentence remain intact." Id. at 4.

committed a clear error of judgment in its assessment of the § 3553(a) factors. To the extent that Alexander argues that the District Court failed to give sufficient weight to his "extraordinary program history and rehabilitation history," 3d Cir. ECF No. 8 at 7, he fails to demonstrate that the District Court abused its discretion, particularly in light of the time remaining on his sentence. See Pawlowski, 967 F.3d at 330-31.[3]

Finally, Alexander argues that summary action is inappropriate because the District Court "clearly abused its discretion when it failed to consider each and every issue raised in his Motion for Compassionate Release." 3d Cir. ECF No. 11 at 3. We disagree. A district court need not "make a point-by-point rebuttal of the parties' arguments." Concepcion v. United States, 142 S. Ct. 2389, 2405 (2022). Rather, it "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation" so long as it provides a "brief statement of reasons." Id. at 2404. In this case, the Court's discussion, while brief, adequately conveyed that it considered and rejected Alexander's arguments in support of release.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] Alexander appears to argue that the District Court failed to give sufficient weight to these efforts, in combination with his medical issues, in determining whether he had established extraordinary and compelling reasons in support of compassionate release. See 3d Cir. ECF No. 8 at 1-2. However, as stated above, the District Court's determination was based upon a finding that even if extraordinary and compelling reasons existed to support compassionate release, a balancing of the § 3553(a) factors weighed against such release.